Gurvir SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74026.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Gurvir Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We review for substantial evidence the decisions of the IJ and the BIA and will reverse only if the record compels a contrary conclusion. Singh–Kaur v. INS, 183 F.3d 1147, 1149–50 (9th Cir.1999).

Singh sought asylum on the ground that he had been persecuted in India due to his active membership in the Shiromani Akali Dal Mann party. The IJ identified specific and cogent reasons for finding Singh's testimony not credible regarding his membership in the party because Singh lacked anything more than basic knowledge re-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

garding the political cause he allegedly supported and Singh admitted that he had never voted for his party's candidates. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004).

The IJ also found internal inconsistencies in Singh's testimony regarding the date on which he was last arrested. These inconsistencies support the IJ's adverse credibility determination; they go to the heart of Singh's asylum claim because they relate to the time he fled India and his reason for doing so. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). The record therefore does not compel a finding that Singh's testimony was credible. *See Singh–Kaur,* 183 F.3d at 1149–50.

Because the asylum claim fails, Singh's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Singh's claim regarding the BIA's denial of protection under CAT also fails because Singh relied upon the same statements that the IJ determined not to be credible. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**